UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| GREGORY ALLEN SPARKMAN, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1 :09CV11 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Respondent's Motion to Dismiss, [Doc. No. 3]. Movant objects to the motion and has filed a Memorandum in Opposition and the Affidavit of Sarah Jane Forman. For the reasons set forth below, the motion is denied.

## Facts and Background

On October 14, 2005, a jury convicted Movant of one count of maliciously damaging and destroying property by means of fire, (Count I); one count of using fire to commit mail fraud, (Count II); and thirteen counts of mail fraud. (Counts III-XV). On September 19, 2006, Movant was sentenced to five years on Count I, ten years on Cunt II, consecutive to the five years on Count I, and fifty-one months on each of Counts III-XV, concurrent with the sentences imposed for Counts I and II.

Movant appealed his conviction and sentence to the Eighth Circuit Court of

Appeals. On September 6, 2007, Movant's conviction and sentence were affirmed. *United States v. Sparkman*, 500 F.3d 678 (8th Cir. 2007). On October 4, 2007, Movant filed a Petition for En Banc Rehearing, or Panel Rehearing. These petitions were denied on October 31, 2007. On November 7, 2007, the Eighth Circuit issued its formal mandate in Movant's case.

On February 3, 2009, Movant filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging various errors committed by counsel. Respondent moves to dismiss this action as untimely.

## **Discussion**

A motion to vacate, set aside, or correct a sentence may be based upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

Under paragraph 6 of § 2255, motions must be filed within a one-year period that begins to run from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review or;

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

Movant concedes that his motion was not timely. Nevertheless, Movant urges the Court to employ the doctrine of equitable tolling, allowing his motion to be considered timely. On the merits of his equitable tolling claim, Movant contends that his attorney abandoned him during a "crucial stage of the preparation of his § 2255 Motion. Specifically, Movant asserts that much of the work in Movant's case was assigned to Attorney Sarah Jane Forman. According to Movant's response, Ms. Forman was responsible for preparing the Motion for filing and timely filing the motion. Ms. Forman was responsible for the initial drafting of the motion and supporting memorandum, performing the necessary investigation and research to support the claims set forth in the motion. She was the only attorney with detailed working knowledge of the motion. She would periodically brief her boss, Mr. Richard Sindel, regarding the status of the case, the points being pursued, the

research performed and other relevant matters. During this time, Ms. Forman was pregnant and was due to give birth the second week of November, 2008. It was apparently her intention to have the Motion and Memorandum ready to file on or before her maternity leave, however, on October 24, 2008, Ms. Forman was informed that due to complications with the pregnancy, she would be required to deliver her baby via Cesarian Section the following week. Ms. Forman contacted Movant's wife and assured her that the Motion would be timely filed despite of her impending maternity leave. Likewise, Ms. Forman assured Mr. Sindel that she was aware of the correct filing date, and would have the motion timely filed. According to the memorandum, Mr. Sindel repeatedly admonished Ms. Forman to carefully check the statute and case law to ensure compliance with the limitations period.

Beginning on October 31, 2008, Ms. Forman took a leave of absence from her employment. During this time, she did not make any efforts to communicate with Mr. Sindel, Movant or his family regarding the approaching filing deadline. At this point, there were several unsigned affidavits and substantial legal research yet to be completed. As stated in the memorandum, the last few days before Ms. Forman's early departure were focused on continuing her caseload for the pendency of her maternity leave, rather than making the necessary arrangements with regard to Movant's Motion. Ms. Forman failed to apprise Mr. Sindel or any other attorney in

the law firm of the status of the case. The file was left in disarray.

Ms. Forman took ten weeks of maternity leave. She returned to work on January 12, 2009. Upon returning to work, she was struggling mentally and physically. She was not dedicating the requisite amount of time and energy to her work. She avers she was suffering from postpartum depression, and due to her illness, she failed to complete the requisite work on the Motion and failed to timely file the Motion. She also avers that she failed to properly research the most recent case law about the due date and led Mr. Sindel to believe that she was confident that she had properly calculated the time for filing the petition.

During the time prior to the untimely filing, Ms. Forman made no attempts to contact witnesses or perform legal research. She continued to represent to Mr. Sindel that she was working on Movant's motion, when in fact no work was being done. She advised Mr. Sindel that she was waiting for an affidavit from James Furr, a potential witness who was not called to testify at Movant's trial. Counsel states that Mr. Furr's affidavit is central to one of the claims of ineffective assistance of counsel in the underlying Motion. Mr. Sindel advised Ms. Forman to file the motion without the affidavit, which Ms. Forman did, but not until five days after the statute of limitations had expired. Under the above stated circumstances, Movant urges that the time for filing his Section 2255 motion should be equitably tolled.

The Eighth Circuit has recognized that the doctrine of equitable tolling is available to a § 2255 movant, but it is available only where "an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) (quoting *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir.2003)). In that regard, ineffective assistance of counsel that is due simply to an attorney's negligence or mistake does not generally constitute an "extraordinary circumstance" that would justify equitable tolling. *Id*. at 1093. Furthermore, such extraordinary circumstances must not be attributable to the petitioner, *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir.2005), and must be "beyond a prisoner's control," *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000). Finally, "[t]he petitioner must also demonstrate he acted with due diligence in pursuing his petition." *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (citing *Martin*, 408 F.3d at 1095). *Byers v. U.S.,* 561 F.3d 832, 835-837 (8th Cir. 2009).

The factual background of this matter establishes that Ms. Forman's behavior goes beyond mere negligence and clearly falls within the realm of behavior requiring equitable tolling. She consistently misrepresented to Movant and her supervising attorney that she was handling the motion; that she was clearly aware of the filing deadline; and that the motion would be completed and timely filed. She failed to

conduct the necessary research and preparation of the motion in order that same could be filed. She, in essence and because of her postpartum depression, completely abandoned Movant and her obligations to diligently pursue his claims. Ms. Forman failed to recognize the impact of her failings and continued to represent to herself and those around her that everything was fine and on track. Because of this, there was no reason for Mr. Sindel or Movant to "double check" that all was as Ms. Forman represented. There was no way of knowing, because of Ms. Forman's postpartum depression, that there was any issue regarding the timely filing of the Motion. There is no question that Movant was diligent, nor that he should have taken steps. He was justifiably relying on his attorney's representations that his motion would be filed within the time perimeters. Movant cannot be said to be lacking diligence when his attorney represents to him that the Motion is being prepared, the research is being done and the affidavits are being acquired, all within the time limitations under the statute. Moreover, as Movant points out, the five day late filing of the motion will in no way prejudice Respondent; the parties will be afforded the opportunity to argue their respective positions on the merits. As such, the Court finds that the factual circumstances surrounding the late filing of the motion are sufficiently extraordinary such that the doctrine of equitable tolling applies.

**Conclusion**

Based upon the foregoing, the Court concludes that the statute of limitations for the filing of this Section 2255 motion should be equitably tolled. As such, the motion will be deemed timely filed. That having been said, Respondent will be given the opportunity to respond to the merits of the Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss, [Doc. No. 3], is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent is given 30 days from the date of this Opinion, Memorandum and Order to file a response to the Motion to Vacate, Set Aside or Correct Sentence.

Dated this 9th day of June, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE