UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GREGORY ALLEN SPARKMAN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 1:09CV11 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1]. Pursuant to this Court's Order, the government has responded to the motion. For the reasons set forth below, the Motion under § 2255 is denied without a hearing.

## Movant's Claims

Movant makes the following claims:

**Ground One**: Ineffective assistance of counsel. Movant's right to effective assistance of counsel was violated when his trial attorney failed to secure the presence of James Furr at trial.[1]

**Ground Two**: Ineffective assistance of counsel, fair trial and due process of law. Movant claims that his rights were violated when counsel made several references to "Furr's testimony" in his opening

---

[1] Movant also claims that the failure to secure Furr also violated his right to compulsory process. This claim was raised and denied by the Eighth Circuit Court of Appeals. 500 F.3d 678 (8th Cir 2007).

statement when he knew that Furr might not be brought to court to testify.

**Ground Three:** Ineffective assistance of counsel, fair trial and due process. Movant asserts that counsel's failure to call seven separate witnesses who would have presented testimony building the best case for innocence and challenging the prosecution's theory of its case.

**Ground Four**: Denial of a fundamentally fair trial and ineffective assistance of counsel. Movant asserts that he was denied a fundamentally fair trial and effective assistance of counsel when his trial counsel failed to adequately investigate and present evidence that another individual was the perpetrator/probable suspect of the fire.

**Ground Five:** Ineffective assistance of counsel, denial of a fair trial and violation of due process. Movant claims his rights were violated by counsel's failure to call the responding law enforcement to put on "consciousness of innocence" evidence or request a "consciousness of innocence" instruction.

**Ground Six:** Ineffective assistance of counsel, denial of a fair trial and due process. Movant challenges counsel's failure to call Robert Goehman to testify as to Movant's whereabouts between 6:00 pm and 6:30 pm on the night of the fire, December 12, 2000.

**Ground Seven:** Ineffective assistance of counsel, denial of a fair trial and due process. Counsel did not call Movant's physician to testify and submit medical records as to Movant's physical condition on the night of the fire.

**Facts and Background**

Movant was charged in a 15 count indictment with maliciously damaging and destroying his office building, office contents and two vehicles by fire; using fire to commit the felony of mail fraud for the purpose of obtaining insurance

proceeds for the business property losses and mail fraud involving payment of expenses and distribution of the proceeds from the insurance policy of the business.

A jury trail began on October 12, 2005. Opening statements were made by both parties. The government presented the testimony of 13 witnesses and submitted eighty two exhibits into evidence. Movant's counsel called four witnesses in defense. Additionally, Movant himself testified on his own behalf. On October 14, 2005, Movant was convicted by the jury on all 15 counts of the indictment.

Listed as one of the government's witnesses was James Furr, a federal inmate in custody in Colorado. Furr was listed as witness the government "may call." The government did not call Furr. Counsel for Movant requested that the government produce Furr less than a week before trial. The government made the request of the Marshal's Service for transportation, however, the transfer could not be made in time for trial. During his opening statement, counsel for Movant mentioned Furr. Counsel did not, however, state at any time during his opening statement that Furr would testify.

The Court sentenced Movant to an aggregate term of 180 months on September 19, 2006. Movant was also sentence to concurrent terms of supervised

release of three years, and was ordered to pay restitution in the total amount of $89,746.75.

Movant appealed his conviction and sentence. The Eighth Circuit Court of Appeals affirmed both Movant's conviction and sentence. *United States v. Sparkman*, 500 F.3d 678 (8th Cir. 2007).

## **Standard for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*,

252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## **Discussion**

## Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

> Under *Strickland,* a petitioner must show that his counsel's performance was both deficient and prejudicial to obtain relief. *Id.* at 687, 104 S.Ct. 2052. That is, "the movant must show that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice)." *Alaniz v. United States,* 351 F.3d 365, 367–68 (8th Cir.2003) (citing *Strickland,* 466 U.S. at 690, 694, 104 S.Ct. 2052). "Our scrutiny of counsel's performance must be 'highly deferential.'" *New v. United States,* 652 F.3d 949, 952 (8th Cir.2011) (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052).

*Hamberg v. U.S.,* 2012 WL 1058950, 2 (8th Cir 2012).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,* 296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

**Grounds One and Two**

Movant's claim that counsel was ineffective for failing to secure the presence of James Furr at trial fails to meet the prejudice prong. The record establishes that Furr's anticipated testimony was to be used in attempt to impeach Scott Smith. Defendant sought to question Furr about what he was allegedly told by Scott Smith. Smith told two different versions of the events. In one version, Smith suggested that Defendant burned the building; in the account given to Furr, Smith said that he personally burned the office on Defendant's behalf. In either version, there is no exculpatory testimony, rather, Defendant was clearly implicated. Nothing in either of Smith's versions would have significantly

benefitted Defendant.

Moreover, Defendant extensively cross examined Smith. During the cross examination, counsel brought out a number of facts which challenged Smith's credibility. Likewise, counsel carefully examined the details of Smith's version of the events and Smith's hope of receiving a deal from the government for his cooperation. Movant can show no prejudice from the failure to secure the presence of Furr as a witness. Grounds One and Two are therefore denied.

**Ground Three**

Movant argues that counsel was ineffective for failing to call seven witnesses, other than Furr, who stood ready to testify as to Movant's good character and reputation for truthfulness and law abiding nature. Counsel's decision whether to call a witness at trial is normally a trial strategy decision that is presumed reasonable and cannot be challenged. *United States v. Rice,* 449 F.3d 887, 898 (8th Cir.2006); *United States v. Staples,* 410 F.3d 484, 488 (8th Cir.2005). This presumption is dependent upon the adequacy of counsel's investigation. *White v. Roper,* 416 F.3d 728, 732 (8th Cir.2005).

If the witnesses Movant had proposed had been called, they would have been subject to cross-examination about their awareness of specific instances of Movant's conduct. Rule 404(a)(1) of the Federal Rules of Evidence allows the use

of evidence of the character of the accused.  However, on cross-examination, the government is allowed to inquire as to specific instances of conduct.  *See* Fed.R.Evid. 404(a); *United States v. Michelson,* 335 U.S. 469, 478-484 (1948); *United State v. Grady,* 665 F.2d 831, 834-835 (8th Cir.1981).  Movant's proposed testimony would have only established Movant's general character that was known from Movant's public appearances.  Nothing in the proposed testimony negates the evidence presented that the government's theory of motive, *i.e.*, financial gain, was not valid.

Moreover, even if the Court were to find that counsel's performance was deficient in failing to call character witnesses, Movant has failed to establish prejudice, *i.e*., that the results of the proceeding would have been different. When determining whether prejudice exists, a court must consider the totality of the evidence. *Williams v. United States,* 452 F.3d 1009, 1013 (8th Cir.2006).  In this instance, the Court must add the proffered testimony from Movant's character witnesses to the evidence before the jury and then "gauge the likely outcome of the trial based on this total body of evidence." *Id.* "In doing this analysis, the court should be mindful of (1) the credibility of all witnesses, including the likely impeachment of the uncalled defense witnesses; (2) the interplay of the uncalled witnesses with the actual defense witnesses called; and (3) the strength of the

evidence actually presented by the prosecution." *Id.* (internal citations omitted).

Movant himself testified as to his charitable activities and contributions to the community. The government did not dispute this testimony, rather, the focus of the government's evidence was the facts that Movant had motive, opportunity and means to execute the charged crimes. Gauging the likely outcome of the trial, based upon the total body of the evidence, Movant cannot establish that the failure to call seven character witnesses prejudiced Movant such that he was denied effective trial counsel. Ground Three is denied.

**Ground Four**

As his fourth ground for relief, Movant argues that counsel was ineffective for failing to investigate a potential perpetrator of the fire. Movant claims that Christian Harris had a grudge against Movant's partner and had made threats against Movant's business. As the government correctly points out, counsel indeed raised the issue of threats made to Movant's partner through the cross examination of Stephanie Fike, an insurance investigator for Safeco Insurance. The issue of the specific threat made to Movant's partner, Tom Wilson, was brought out. Fike testified that she had been advised of the threat and that she had interviewed Harris. Fike testified that Harris admitted making the threat and that he had been present at an adjacent business on the night of the fire. This evidence was before

the jury for its consideration.

Additionally, counsel for Movant argued the facts in an effort to implicate Harris, thus presenting the jury with an alternative solution to the fire. Counsel neither ignored the existence of Harris nor neglected to advocate on behalf of Movant on the theory that another person was responsible for the fire. Ground Four is denied.

**Ground Five**

For his fifth ground, Movant argues that trial counsel was ineffective for failing to question any of the testifying officers about Movant's appearance or conduct on the evening of the fire. Movant argues that the officers had personal knowledge of what happened and expertise in investigating such events. None of the officers testified that they were suspicious of Movant on the evening of the fire, nor at any subsequent point in their investigation. Movant argues that because counsel did not question the officers about his *lack* of consciousness of guilt,[2] counsel's performance fell below an objective standard of reasonableness and had he questioned the officers, the end result of the trial would have been different.

---

[2] Movant is, in effect, arguing a "reverse" consciousness of guilt theory. Ordinarily, the government seeks to introduce evidence of a consciousness of guilt, *i.e.*, "flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct." *U.S. v. Clark*, 45 F.3d 1247, 1250 (8th Cir. 1995). In this case, Movant argues that his *failure* to act with a consciousness of guilt establishes his innocence.

Initially, it should be noted that Movant's argument overlooks critical details of such a position. Movant assumes that even if the officers did testify that Movant behaved in a manner that did not raise issues consistent with guilt, the jurors would have necessarily concluded that because of his lack of consciousness of guilt on the night of the fire, Movant was necessarily innocent. This reasoning neglects to consider the fact that not every guilty individual behaves in a manner that establishes guilt. Indeed, one guilty of a crime might seek to behave in a manner consistent with innocence, in order to avoid discovery of his or her guilt. Fundamentally, failure to question the officers with respect to Movant's actions after the fire may have been a strategic decision by counsel to avoid precisely the inference which Movant's "consciousness of innocence" may imply: Movant's attempt to avoid discovery.

Moreover, Movant's position fails to recognize that the information he seeks to have been presented to the jury was already before it. Clearly, the jury was cognizant of the fact that nothing occurred to implicate Movant until Smith had contact with the authorities. Necessarily, this establishes the exact point that Movant is making, *i.e.*, that the police had no reason to suspect Movant by his actions after the fire. The jurors in this case were aware of the lack of suspicion of Movant until Smith's statements. Movant could not, therefore, be prejudiced by

counsel's failure to question the police regarding Movant's consciousness of innocence. Ground Five is without merit and it therefore denied.

**Ground Six**

Movant challenges counsel's failure to call Robert Goehman to testify that he was with Movant on the evening of the fires. In his affidavit, Goehman avers that he was with Movant from approximately 6:15 until 7:00 p.m. As the government correctly argues, even if Goehman had testified, there is nothing to exculpate Movant from the crimes. Movant would have had enough time, between an hour and fifty minutes to two hours and twenty minutes to move the vehicles and start the fire. Movant has failed to establish how the failure to call Goehman fell below an objective standard of reasonableness and how he was prejudiced by the failure. Ground Six is denied.

**Ground Seven**

Movant claims counsel was ineffective for failing to call Movant's physician. Movant argues that he recently had knee surgery before the fire and was under a physician's lifting restriction. Even assuming the veracity of this allegation, Movant has presented nothing to demonstrate that Movant was indeed following the limitation, nor is there any evidence that the safe in question actually weighed 200 pounds, as alleged by Movant. Moreover, Movant has failed to

establish how, assuming the truth of the restriction and weight of the safe, the result would have been different had counsel presented evidence from Movant's physician. Ample evidence before the jury was in the record from which the jury could conclude Movant was responsible for the crimes for which he was charged. Ground Seven is denied.

In his memorandum in support of his motion, Movant sets out another ground for relief. Movant claims that his right to effective counsel was violated by counsel's failure to investigate Pastor Bob Murray and present evidence of Smith's motive to fabricate his story regarding the fire at West Park Motors. The government has not responded to this ground, however, the Court concludes that it is without merit. Movant claims that Bob Murray, of the Holy Spirit Church, came to Movant's shop. Murray told Movant that Smith and his girlfriend, Cindy Talley, were in danger because they owed money for drugs. Murray told Movant that if Movant did not give Murray $3,500, Smith was going to tell the police that Movant was involved in the fire. Movant did not pay any money.

Movant claims that counsel's failure to investigate Murray was ineffective because it could have further exposed Smith's motive to lie about the fire. Movant claims that but for counsel's failure to properly investigate, the outcome of the trial may have been different.

As previously discussed, counsel extensively cross examined Smith as to his veracity and motivation for lying about the fire. The speculative nature of a potentially blackmailing Pastor's testimony does not rise to the level necessary to establish ineffective assistance of counsel. Movant has presented no evidence that Pastor Murray was available to testify regarding the meeting. Likewise, Movant fails to present any persuasive argument of how the result in this case would have been different had counsel located Murray; there was ample evidence in the record from which the jury could conclude that Movant was responsible for the fire. This additional ground for relief is denied.

## **Conclusion**

Movant has failed to establish that his constitutional right to effective counsel was violated. The record establishes that counsel's representation did not fall below an objective standard of reasonableness, nor that but for counsel error, the result in this matter would have been different. Movant's motion will be denied in its entirety.

## **Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 22nd day of August, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE